## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT HARRIS,

      Applicant,

v.                                                  No. CV 13-1017 RB/CG

JONI BROWN, et al.,

      Respondents.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Robert Harris' *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, filed October 21, 2013, (Doc. 1), and *Motion in Opp*[*o*]*sition To: Respondents' Motion for Order of Clarification of* Pro Se *Petition and to Hold the Filing of an Answer in Abeyance*, filed December 16, 2013, (Doc. 9), (together the "Petition")[1]; and *Respondents' Answer to* Pro Se *Petitioner Robert Harris' Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)* [*Docs. 1, 9*], filed February 21, 2014, (Doc. 11). Petitioner asserts four separate grounds for habeas corpus relief. Respondents Joni Brown and Gary K. King contend that the Petition is "mixed" because three of Petitioner's claims are unexhausted, and that none of the claims asserted are valid grounds for habeas relief. The Court agrees with Respondents in part, and recommends that the Petition be dismissed without prejudice.

### I.   Background

      Petitioner was arrested and subsequently charged with four criminal counts arising from a domestic violence incident that occurred in October 2011. (Doc. 11, Ex.

---

[1] Petitioner proceeds *pro se*, and therefore the Court must liberally construe his filings. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). The Court will construe the two documents together as constituting Petitioner's pleading because it is in the interest of justice to do so.

A). On January 3, 2012, Petitioner, represented by Thomas Guerra, entered into an oral

plea agreement before District Judge Daniel Viramontes of the Sixth Judicial District of

the State of New Mexico. (*See Jan. 3, 2011 Change of Plea Hearing*, *State of New*

*Mexico v. Robert Harris*, (No. D-619-CR-201100221), *on file with* the Luna County Court

Clerk). Petitioner pled guilty to the following criminal charges:

> COUNT 1: Aggravated Battery Against a Household Member (Deadly
> Weapon), a third degree felony, contrary to Section 30-03-16(C), NMSA
> 1978.

> COUNT 3: Resisting, Evading or Obstructing an Officer, a misdemeanor,
> contrary to Section 30-22-1(D), NMSA 1978.

(Doc. 11, Ex. A at 1). In exchange for Petitioner's plea, the State, represented by Lisa

Kuykendall, agreed to dismiss the other two counts brought against him. (*See Jan. 3,*

*2011 Change of Plea Hearing*, *supra*, at 2:20–:25).

At the change of plea hearing, Judge Viramontes questioned Petitioner about the

plea:

> JUDGE:     Mr. Harris, your attorney indicates that you're going to enter a
>            change of plea to two certain counts in the criminal information.
>            Before we do that I want to review your constitutional rights with
>            you, to make . . . .
> HARRIS:    Yes sir.
> JUDGE:     Sure you understand that you are giving up those rights. Has your
>            attorney informed you of those rights to begin with?
> HARRIS:    Can you speak up, sir? Can you speak up? I can't hardly hear.
> JUDGE:     Absolutely. Has your attorney informed you of your constitutional
>            rights? Yes no? Has he or hasn't he?
> HARRIS:    Yes sir.
> JUDGE:     He has? Counsel have you informed him of his constitutional rights?
> GUERRA:    Yes, Your Honor. That's what we were just talking about.
> JUDGE:     Okay. Okay.
> HARRIS:    I had two or three ear surgeries sir.
> JUDGE:     We'll get through this, with your bad hearing and my soft voice
>            today, but we'll manage.

2

*Id.* at :27–1:30. Judge Viramontes proceeded with the plea colloquy, and Petitioner answered all of Judge Viramontes' questions without apparent difficulty or delay. *Id.* at 1:33–3:00. Judge Viramontes also explained to Petitioner that the plea was to two criminal counts, and that sentencing would be left up to his discretion. *Id.* at 2:25–:35. Petitioner responded that he understood. *Id.* Judge Viarmontes accepted Petitioner's plea as being knowingly and voluntarily made, and ordered a presentence report upon the request of both Mr. Guerra and Ms. Kuykendall. *Id.* at 3:01–:25.

Judge Viramontes presided over Petitioner's sentencing hearing on February 6, 2011. (*Feb. 6, 2011 Sentencing Hearing*, *State of New Mexico v. Robert Harris*, (No. D-619-CR-201100221), *on file with* the Luna County Court Clerk). Mr. Guerra acknowledged that the presentence report had not been favorable to Petitioner, but asked that Petitioner be granted a suspended sentence and allowed to transfer his probation out-of-state to Arkansas. *Id.* at :28–1:35. Ms. Kuykendall responded that the presentence report revealed a history of domestic violence behavior, and requested that Petitioner instead be sentenced to four years of incarceration. *Id.* at 1:37–2:17. Judge Viramontes gave Petitioner an opportunity to speak on his own behalf, but he declined. *Id.* at 2:20–2:28.

On February 16, 2012, Judge Viramontes entered the *Judgment Sentence and Commitment* ("Judgment"), and sentenced Petitioner to a term of three years of imprisonment and a two-year parole period for Count One, and an additional 364 days incarceration for Count Three, to be served concurrently with Count One.[2] (Doc. 11, Ex.

---

[2]  Judge Viramontes mistakenly sentenced Petitioner to additional prison time for the two dismissed counts at the sentencing hearing. (*See Feb. 6, 2011 Sentencing Hearing*, *supra*, at 2:28–3:35). The error was

A at 2). Judge Viramontes also ordered Petitioner be placed on supervised probation for three years upon his release from prison. (Doc. 11, Ex. A at 2).

Petitioner did not timely appeal the Judgment, but did launch several unsuccessful collateral attacks on his sentence with the Sixth Judicial District Court ("state district court"). In his first such motion, Petitioner requested that the state district court modify his sentence to a term of three years of probation, on the basis that he believed at the change of plea and sentencing hearings that he had been sentenced to only three years of probation and no prison time. (Doc. 11, Ex. D at 2–3). The state district court denied the motion, finding that Petitioner engaged in a full plea colloquy at his January 3, 2012 plea hearing, and that his plea was entered into knowingly, voluntarily, and intelligently. (Doc. 11, Ex. E at 1). The state district court also noted that Petitioner's plea agreement left sentencing to the state district court's discretion, and that Petitioner had provided no factual basis for his request. (Doc. 11, Ex. E at 1).

Petitioner subsequently filed several applications for habeas corpus relief with the state district court and petitioned for writs of mandamus from the New Mexico Supreme Court, which are discussed more thoroughly below. After those were denied, he filed the Petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 currently before the Court. Upon information and belief, Petitioner was released from prison and is currently completing the terms of his supervised probation and parole, and wishes to proceed with this matter. (Doc. 14).

## II.    Petitioner's Grounds for Relief

Petitioner alleges four grounds for relief in his Petition, arguing that: (i) he

corrected upon entry of the Judgment.

received ineffective assistance of counsel in violation of his Sixth Amendment rights; (ii) his sentence was obtained in violation of his due process rights guaranteed by the Fourteenth Amendment because the sentence was "not verified properly"; (iii) his conviction was obtained in violation of his Fourteenth Amendment right to "fundamental fairness, fundamental fair procedure"; and (iv) prosecutorial misconduct deprived him of a "fair and adequate sentence" guaranteed by the Fourteenth Amendment. (Doc. 1 at 1–15; Doc. 9 at 1–4).

Petitioner alleges that Mr. Guerra, his attorney throughout the plea proceedings, was ineffective for failing to aid him, preserve issues, and provide him with a potential defense at the change of plea hearing. (Doc. 9 at 1). Petitioner contends that Mr. Guerra failed to aid him by not providing him access to a hearing aid at the change of plea hearing. (Doc. 9 at 1). Petitioner also claims that Mr. Guerra's ineffective assistance of counsel incorrectly left him "under the impression" that if he accepted the plea deal, that he would only be sentenced to three years of supervised probation and no time in prison. (Doc. 9 at 2).

As his second ground for relief, Petitioner alleges that his Fourteenth Amendment due process rights were violated because his sentence was "not verified properly." (Doc. 9 at 2). He contends that Mr. Guerra and Ms. Kuykendall agreed in open court that Petitioner would only serve a three-year probation term and no prison time, and therefore the sentence was impermissibly altered by Judge Viramontes and Ms. Kuykendall. (Doc. 9 at 2). He asserts that he advised that he had a hearing disability to the state district court, he was not accommodated, and therefore he was unable to understand the proceedings. (Doc. 9 at 2–3). He argues that had he been able to hear Judge

5

Viramontes' sentencing decision, he would have objected and informed the judge of the actual sentencing terms of his plea agreement. (Doc. 9 at 2–3).

Petitioner also contends that his conviction was obtained in violation of his Fourteenth Amendment right to "fundamental fairness" and "fundamental fair procedure," because Mr. Guerra and Ms. Kuykendall "failed to stick with the original plea agreement made in open court." (Doc. 9 at 3). He argues that, when the State raises the issue of a criminal defendant's previous criminal history after the defendant has already entered into a plea, the defendant's due process rights are necessarily violated. (Doc. 9 at 3).

Last, Petitioner claims that his conviction was obtained in violation of the Fourteenth Amendment because prosecutorial misconduct deprived him of a "fair and adequate sentence." (Doc. 9 at 3). He alleges that he was promised leniency from Ms. Kuykendall to induce a guilty plea, and that after she secured his plea, she entered his past criminal history to influence Judge Viramontes' sentencing decision. (Doc. 9 at 4). He references Ms. Kuykendall's action throughout the Petition as the "switch bait rule" or "switch and bait law." Petitioner alleges that he should have been allowed to withdraw his guilty plea pursuant to *State v. Ortiz*, 1967-NMSC-104, 77 N.M. 751, and that not being allowed to do so was a denial of due process of law.

Respondents argue that the Court should dismiss the Petition without prejudice because the Petition is mixed and all of the grounds for relief are meritless.

### III.   Analysis

#### A.   AEDPA Exhaustion Doctrine

This Court's ability to consider collateral attacks of state criminal proceedings is

circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The conventional understanding of 'collateral attack' comprises challenges brought under . . . 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis." *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003).

Respondents argue that the Petition is "mixed" pursuant to the AEDPA, because Grounds One, Two, and Three are unexhausted. Before a Federal District Court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]"). The exhaustion doctrine is based upon principles of comity and federalism—that in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."); *Rose v. Lundy*, 455 U.S. 509, 516 (1982).

In order to satisfy the exhaustion requirement, a petitioner must 'fairly present' all of his relevant claims before the state court. *See Picard v. Connor,* 404 U.S. 270, 275 (1971). A petitioner has not fairly presented his claims unless he has afforded the state courts "one full opportunity to resolve any constitutional issues . . . ." *O'Sullivan v.*

7

*Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *Id.* Petitioner bears the burden of showing that he exhausted all of his claims before the highest state court. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009); *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

"A claim has been exhausted when it has been 'fairly' presented to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quotations omitted). "'Fair presentation' means that the petitioner has raised the 'substance' of the federal claim in state court." *Id.* "The doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Heckard v. Tafoya*, No. 03-2087, 214 Fed. Appx. 817, 823 (10th Cir. Jan. 30, 2007) (unpublished) (quoting *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (alterations omitted)). Thus, a federal habeas petitioner who raises an ineffective assistance of counsel claim has not exhausted his state remedies if the basis for that claim is different than the one underlying the ineffective assistance claim brought in the state courts. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

B.    <u>Ground One: Ineffective Assistance of Counsel</u>

Petitioner alleges that Mr. Guerra was ineffective by failing to aid him, preserve issues, and provide him with a potential defense. (Doc. 9 at 1). Petitioner contends that Mr. Guerra did not help him with his hearing disability at the change of plea hearing. (Doc. 9 at 1). He also maintains that Mr. Guerra led him to believe that in exchange for his guilty plea, he would be sentenced to three years of supervised probation and no

prison time. (Doc. 9 at 1, 2). In a different section of the Petition, he also states that "the ineffective assistance of counsel thus here would reveal the sentence was not verified properly" because Petitioner stated in open court that he had a hearing disability, and Mr. Guerra should have told Judge Viramontes about the sentencing agreement he made with the State. (Doc. 9 at 2).

Respondents request dismissal of this claim on the basis that it is unexhausted and therefore procedurally barred, because Petitioner raises these facts and this theory for the first time. (Doc. 11 at 6). While Respondents concede that Petitioner previously put ineffective assistance of counsel claims before the state courts, they contend that the bases for those claims were much different than those before the Court.

Petitioner filed a petition for habeas corpus relief on October 10, 2012, requesting that the state district court remove the three-year probation term from his sentence. (Doc. 11, Ex. F). One of Petitioner's grounds for relief was that he had received ineffective assistance of counsel in violation of the Sixth Amendment due to Mr. Guerra's failure to aid him, preserve issues, and provide a potential defense. (Doc. 11, Ex. F at 2). He claimed that Mr. Guerra led him to believe that he would receive a sentence of three years of incarceration and two years of parole in exchange for his guilty plea. (Doc. 11, Ex. F at 3). He also argued that Mr. Guerra had been ineffective for failing to inform "[him] fully of the actual terms of plea offer made by prosecution." (Doc. 11, Ex. F. at 3). Petitioner alleged that Mr. Guerra was also ineffective because he did not raise an unspecified argument in open court regarding the two dismissed counts, which Petitioner believed would have prevented the entry of the probation term. (Doc. 11, Ex. F at 3). Petitioner also asserted that Mr. Guerra's failure to bring forward certain facts was

9

unreasonable, but did not identify these facts or specify the arguments that should have been made or how they would have affected Judge Viramontes' sentencing decision. (Doc. 11, Ex. F at 3).

Petitioner maintained that Mr. Guerra should have objected to Judge Viramontes' imposition of the probation term at the sentencing hearing to remind the judge that in exchange for the guilty plea, two counts were dismissed and Petitioner had been promised a sentence of three years of imprisonment to be followed by a two-year parole term for Counts One and Three. (Doc. 11, Ex. F. at 7).

The state district court summarily denied the petition on December 18, 2012, on the basis that Petitioner failed to state a claim for relief. (Doc. 11, Ex. G). The state district court summarized Petitioner's ground as a claim for ineffective assistance of counsel on the basis that Mr. Guerra failed to provide Petitioner with a potential defense. The state district court held that Petitioner was not entitled to such a defense after entering into a plea agreement. (Doc. 11, Ex. G).

Petitioner appealed the state district court's denial of habeas relief to the New Mexico Supreme Court on February 26, 2013. (Doc. 11, Ex. I). Petitioner alleged the state district court erred by: (i) not conducting an evidentiary hearing on his petition for writ of habeas corpus; (ii) improperly sentencing Petitioner and entering a judgment against him; and (iii) violating his due process rights by permitting the "switch bait law." (Doc. 11, Ex. I at 2). He also claimed that he had received ineffective assistance of counsel because "counsel failed to aid [him] and counsel failed to preserve issues. Counsel failed to provide potential defense." (Doc. 11, Ex. I at 4). Petitioner did not allege any facts in support of the conclusory statement. The New Mexico Supreme Court

10

denied Petitioner's request on March 14, 2013, as well as his subsequent motion to reconsider. (Doc. 11, Exs. K & M).

On January 7, 2013, Petitioner filed his second state habeas petition in state district court. (Doc. 11, Ex. N). He again alleged that he had been prejudiced by ineffective assistance of counsel because Mr. Guerra failed to aid him, preserve issues, and provide potential defenses. (Doc. 11, Ex. N at 4). He repeated virtually identical arguments as those asserted in the first petition for writ of habeas corpus. On April 16, 2013, the state district court denied the second habeas petition on the basis that Petitioner had failed to plainly set out the reasons he was entitled to relief. (Doc. 11, Ex. O).

Petitioner subsequently petitioned the New Mexico Supreme Court for a writ of mandamus on the sole basis that he needed clarification of Rule 5-802 NMRA so that he could successfully set forth a claim in the state district court.[3] (Doc. 11, Ex. P at 2). Petitioner did not explain how Rule 5-802 needed to be clarified. The New Mexico Supreme Court summarily denied the writ of mandamus. (Doc. 11, Ex. R).

Respondents point out that in all of his prior state habeas filings, Petitioner cast his ineffective assistance of counsel claim as being directly related to Mr. Guerra's failure to prevent him from receiving a sentence of probation. (Doc. 11 at 10–13). Petitioner now claims that Mr. Guerra was ineffective for not ensuring that Petitioner was only sentenced to a term of probation. Petitioner also claims for the first time that he could not understand the change of plea proceedings, and that Mr. Guerra failed to aid him by not

---

[3] Rule 5-802 NMRA governs the procedure that a petitioner must follow to apply for a writ of habeas corpus in New Mexico district court.

11

providing him accommodation for his hearing disability. Therefore, Respondents argue, Petitioner's claim of ineffective assistance of counsel, as set forth in the Petition, is unexhausted because it has never been presented to the state courts for review.

A criminal defendant is constitutionally entitled to effective assistance of counsel during all critical stages of the criminal process, including the plea process. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Petitioner alleged in his Petition and previously before the state courts, that Mr. Guerra was ineffective for failing to aid him, preserve issues, and provide him with a potential defense. However, that is where the similarities between the federal and state court petitions end. In state court, Petitioner never explained how Mr. Guerra failed to "aid" him, and now alleges for the first time that Mr. Guerra was ineffective by not accommodating his hearing disability during the plea hearing. At the state-court level, Petitioner argued that Mr. Guerra should have made an unspecified argument regarding the two dismissed counts, while in the Petition he contends that Mr. Guerra should have objected to Judge Viramontes' sentencing decision as a breach of the sentencing terms of the plea agreement.

Most significantly, Petitioner has altered his explanation of the facts supporting this claim without any acknowledgment or explanation. Petitioner stated repeatedly in his state habeas petitions that he agreed to plead guilty in exchange for a three-year prison term and two-year parole term. He claimed that Mr. Guerra's ineffective assistance caused him to receive an additional term of probation. Petitioner now claims that he had actually been promised a term of probation in exchange for his plea, and that Mr. Guerra's ineffective assistance caused the prison and parole terms to be impermissibly added to his sentence.

12

The Court finds that the substance and theory of the ineffective assistance of counsel claim expressed in the Petition differs so greatly from the one raised at the state-court level that the Court must find that it was not fairly presented to the state courts. Therefore, Ground One is unexhausted and procedurally barred.

C.    *Ground Two: Sentence "Not Verified Properly"*

Petitioner claims that his sentence was obtained in violation of his Fourteenth Amendment due process rights because his sentence was "not verified properly." (Doc. 9 at 2). In support of Ground Two, Petitioner alleges that he was promised a sentence of probation with no prison time in exchange for his guilty plea, and that his sentence was impermissibly altered by Judge Viramontes and Ms. Kuykendall. (Doc. 9 at 2). He contends that he was not aware of the actual sentence imposed by the state district court due to his hearing disability, and that he would have objected to Judge Viramontes's sentencing decision had he been able to understand the proceeding. (Doc. 9 at 2–3). Respondents contend that Ground Two is unexhausted because the basis for the claim is much different than the one presented to the state courts.

In his first habeas petition before the state district court, Petitioner also argued that his sentence was obtained in violation of his due process rights because his sentence was not verified properly. (Doc. 11, Ex. F at 2). He maintained that the dismissed counts were impermissibly used to enhance his sentence in violation of the privilege against self-incrimination, and that he was sentenced to a probation term for those counts. (Doc. 11, Ex. F at 4–5). He also stated that the two dismissed counts were "ruled res judicata," and could not be redecided. (Doc. 11, Ex. F at 5). Petitioner

reasoned that the state district court violated his due process rights by implementing the "switch bait rule." (Doc. 11, Ex. F at 5).

The state district court construed this as an argument that Petitioner's sentence was unlawful because he had been sentenced to probation for the two counts that were dismissed. (Doc. 11, Ex. G at 1). The habeas petition was denied on the basis that Petitioner failed to state a claim for relief, and explained that Petitioner had not been sentenced for the dismissed counts. (Doc. 11, Ex. G).

Petitioner appealed the state district court's denial of habeas relief to the New Mexico Supreme Court, and argued that his due process rights had been violated because his sentence was "not verified properly" and because the "switch bait law" had been permitted at sentencing. (Doc. 11, Ex. I at 2, 4). He did not provide any factual or evidentiary support for that claim. The New Mexico Supreme Court denied Petitioner's appeal and his subsequent motion to reconsider. (Doc. 11, Exs. K & M).

Petitioner filed a second habeas petition in the state district court, arguing that his sentence was obtained in violation of his due process rights because it was "not verified properly." (Doc. 11, Ex. N at 4). Petitioner claimed that the dismissed counts were impermissibly used to enhance his sentence, and that he should have been protected by the privilege against self-incrimination. (Doc. 11, Ex. N at 6–7). The state district court denied the second habeas petition because Petitioner failed to plainly set out the reasons he was entitled to relief. (Doc. 11, Ex. O). The New Mexico Supreme Court rejected his subsequent application for writ of mandamus. (Doc. 11, Ex. R).

Respondents argue that Petitioner has failed to exhaust this ground for relief because Ground Two is substantially different from the sentencing claims that were

14

presented to the state courts. (Doc. 11 at 7). The Court agrees. Petitioner argued before the state courts that his sentence had not been verified properly because it was impermissibly enhanced by the two dismissed counts and was the result of the "switch bait rule." However, Petitioner now claims that his sentence was not verified properly because he was promised a sentence of probation only, and that Judge Viramontes and Ms. Kuykendall impermissibly altered the terms of the plea agreement. He also claims that his inability to understand the proceedings contributed to the unverified sentence.

The Court finds that the factual basis and theory supporting Petitioner's claim that his sentence was not verified properly differs greatly from the claims presented to the state courts. Therefore, the Court finds that Ground Two is unexhausted and procedurally barred.

D.     _Ground Three: Breach of the Plea Agreement_

Petitioner alleges that his conviction was obtained in violation of his Fourteenth Amendment right to "fundamental fairness" and "fundamental fair procedure," because Mr. Guerra and Ms. Kuykendall "failed to stick with the original plea agreement made in open court." (Doc. 9 at 3). He contends that Judge Viramontes ran afoul of Petitioner's due process rights by considering Petitioner's past criminal history set forth in the presentence report in making his sentencing determination. In support he cites the opinion in _Nunes v. Mueller_, 350 F.3d 1045 (9th Cir. 2003), whereby the Ninth Circuit granted a writ of habeas corpus to a criminal defendant whose trial attorney was ineffective because he did not timely explain to the defendant all of the terms of a plea offer that had been made.

15

Respondents do not allege that Petitioner failed to exhaust his state-court remedies regarding this claim[4]; instead they contend that Ground Three implicates state law only, and that Petitioner has failed to state a cognizable habeas claim. (Doc. 11 at 8, 13–14).

E.      *Ground Four: Deprivation of a "Fair and Adequate Sentence"*

Petitioner claims that his conviction was obtained in violation of his due process rights guaranteed by the Fourteenth Amendment, because prosecutorial misconduct deprived him of a "fair and adequate sentence." (Doc. 9 at 3). He alleges that at the change of plea hearing, he pled guilty to Counts One and Three in exchange for a promise that he would be sentenced to three years of imprisonment to be followed by a period of supervised probation.[5] (Doc. 9 at 3–4). However, he claims that the terms of the plea agreement were modified once he was brought before Judge Viramontes for sentencing.

Petitioner states that Mr. Guerra and Ms. Kuykendall led him to believe at the sentencing hearing that he would only be sentenced to serve a term of three years of probation. (Doc. 9 at 4). He claims that Mr. Guerra entered the "actual plea agreement of the three (3) years probation term," and that Ms. Kuykendall agreed to the term in open court. (Doc. 9 at 4). However, Ms. Kuykendall later entered his past criminal history into the record with the purpose of influencing Judge Viramontes' final sentencing decision.

---

[4]  Respondents have not asserted the exhaustion defense and concede it to the extent Ground Three is construed as a claim for breach of the plea agreement. The Court does not reach the question of whether Ground Three has been exhausted, because a district court errs in dismissing claims that are expressly waived by the respondent in a § 2254 proceeding. *See Richwine v. Romero*, No. 10-2247, 462 Fed. Appx. 770, 773 (10th Cir. May 26, 2011) (unpublished).

[5]  Without explanation, petitioner veers from the factual allegations and theories underlying the rest of the claims in the Petition, which are that he was promised a sentence of probation with no parole or prison time in exchange for his plea.

(Doc. 9 at 4). Petitioner alleges that his due process rights were violated because he was not allowed to withdraw from the plea agreement once Ms. Kuykendall entered his past criminal history into the record, citing the New Mexico Supreme Court's opinion in *State v. Ortiz*, 1967-NMSC-104, as support for his argument. (Doc. 9 at 4). Respondents argue that Ground Four is procedurally barred because it is unexhausted.

In Petitioner's first state habeas petition, he also argued that his conviction was obtained in violation of his due process rights because prosecutorial misconduct deprived him of a "fair and adequate sentence." (Doc. 11, Ex. F at 2). However, he maintained that his sentence was "unfair and inadequate" because Mr. Guerra and Ms. Kuykendall knew that the two counts had been dismissed, and permitted the judge to enhance his sentence by a term of three years of probation because of those counts. (Doc. 11, Ex. F at 6–7). The state district court summarily denied the petition for writ of habeas corpus on the basis that Petitioner failed to state a claim for relief. (Doc. 11, Ex. G).

In the second state habeas petition filed in the state district court he argued that his conviction was obtained in violation of his due process rights because Ms. Kuykendall's misconduct deprived him of a fair and adequate sentence. (Doc. 11, Ex. N at 4). The state district court denied the second habeas petition on the basis that Petitioner had failed to plainly set forth the reasons he was entitled to relief. (Doc. 11, Ex. O). In his multiple petitions to the New Mexico Supreme Court, Petitioner did not raise or allege the grounds or facts set forth as Ground Four in the Petition.

Respondents contend that Petitioner failed to exhaust available state-court remedies as to Ground Four, and the Court agrees. Petitioner argued in state district

17

court that his due process rights had been violated by the impermissible addition of a probation term onto his sentence, for counts already dismissed. Petitioner now alleges that his due process rights were violated when Ms. Kuykendall submitted evidence of his past criminal history, which led to the imposition of prison time. The Court finds that Petitioner failed to raise this argument or theory with any of the state courts, and that Petitioner did not raise the claim even superficially with the New Mexico Supreme Court. Therefore, the claim is unexhausted and procedurally barred.

## IV.    Treatment of Mixed Petitions

Since Petitioner has presented a mixed petition, this Court may (i) deny the Petition without prejudice so that Petitioner may return to state court and exhaust his state remedies; (ii) stay the Petition and hold it in abeyance while Petitioner exhausts his state remedies; (iii) permit the Petitioner to dismiss the unexhausted claims and proceed with only the exhausted arguments; or (iv) ignore the exhaustion requirement and deny the Petition if it appears plainly meritless. *See e.g.*, *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Fairchild v. Workman,* 579 F.3d 1134, 1156 (10th Cir. 2009). Respondents request that the Court elect the fourth option because the Petition is meritless. (Doc. 11 at 13).

The Court does not believe that this case is the type that can be readily dismissed as plainly meritless. Respondent argues that that Grounds One, Two, and Four are all sentencing-related claims not generally cognizable as habeas claim. *See Dennis v. Poppel,* 222 F.3d 1245, 1258 (10th Cir. 2000) (The federal courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not

18

generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law."). However, Respondents set forth no argument or explanation why Ground Three should similarly be dismissed. They also acknowledge that the Court could construe Ground Three as a claim for breach of the plea agreement, which means that it could have federal constitutional dimension. Therefore, at this time the Court cannot recommend that the case be dismissed as plainly meritless.

The Court also cannot find that staying the Petition and holding it in abeyance while Petitioner exhausts his state remedies is appropriate. The stay mechanism outlined by the Supreme Court in *Rhines* is only applicable where the Petitioner can (i) show good cause why he failed to present the relevant claims to the state court, and (ii) show that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Here, Petitioner acknowledges that he did not exhaust his state remedies as to any of the grounds in the Petition for the reasons that no evidentiary hearing was ever conducted and he was not provided his records or files. (Doc. 1 at 5, 7, 8, 10). However, Petitioner has been collaterally attacking his sentence since October 2012, even without records, files, and an evidentiary hearing. Petitioner fails to explain why he has dramatically shifted his arguments by changing the factual bases and theories for his habeas claims. The Court finds that Petitioner has failed to show good cause why he did not first present the unexhausted claims to the state district court and New Mexico Supreme Court, and therefore does not recommend that the Petition be stayed and held in abeyance.

This Court will recommend that the Petition be dismissed without prejudice since

it is a mixed petition. However, the Court will afford Petitioner an opportunity to dismiss the unexhausted claims and proceed with only the exhausted claim, Ground Three, in his Petition.

The Court notes that either option will have consequences for the Petitioner. Should he elect to dismiss those unexhausted claims, he will lose the opportunity to present those unexhausted claims to a federal court at a later date. *Tapia v. LaMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (Petitioner who elects to proceed only on exhausted claims is deemed to have abandoned the unexhausted claims and those claims may not be re-brought in federal court unless the Petitioner can meet the requirements for filing a successive petition); 28 U.S.C. § 2244(b)(1).

Alternatively, if Petitioner elects to accept the dismissal of his Petition without prejudice while he pursues state court review of his unexhausted claims, the one-year statute of limitations will still apply to all future filings in federal court. *See* 28 U.S.C. § 2244(d)(1) (applying a one year statute of limitations to the filing of habeas petitions in federal court). The statute of limitations in this case began to run on the date his judgment became final, which was March 19, 2012. (Doc. 11, Ex. A). Therefore, should Petitioner elect to accept the dismissal of his mixed Petition, future filings in federal court could be time-barred.

Should Petitioner wish to proceed in this case without Grounds One, Two, and Four of his Petition, he may notify the Court of this intention within the fourteen (14) day period allotted for the filing of objections to these findings. If Petitioner does not notify the Court that he wishes to withdraw the unexhausted claims and proceed with the Ground Three, his federal petition will be dismissed without prejudice.

20

## V.      Recommendation

Petitioner has failed to show that he exhausted all available state remedies before filing the instant Petition as required by 28 U.S.C. § 2254(b)(1)(A). **IT IS HEREBY RECOMMENDED THAT** Robert Harris' *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), and *Motion in Opp*[*o*]*sition To: Respondents' Motion for Order of Clarification of* Pro Se *Petition and to Hold the Filing of an Answer in Abeyance*, (Doc. 9), be **DISMISSED WITHOUT PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

21